UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MERIDIAN WORKING CAPITAL, LLC,
an Arizona Limited Liability Company, and
MERIDIAN PO FINANCE, LLC, an
Arizona Limited Liability Company,

    Plaintiffs,

v.                                                                                    Case No. 8:12-cv-2901-T-30EAJ

CAPITAL BRANDS, LLC, a Florida Limited
Liability Company, ERNEST W.
BLOCKBURGER, individually, and PETER
R. LAZZARI, individually,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants', Capital Brands, LLC, Ernest W. Blockburger, and Peter R. Lazzari, Motion to Dismiss for Failure to Join Indispensable Parties (Dkt. 7) pursuant to Fed. R. Civ. P. 12(b)(7), and Plaintiffs', Meridian Working Capital, LLC and Meridian PO Finance, LLC, Response in Opposition to Defendants' Motion to Dismiss (Dkt. 10). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the motion to dismiss should be denied.

## BACKGROUND

Defendants argue that two additional creditors, United Capital Funding Corp. and Private Equity Fund of West Florida, LLC are indispensable joint obligees under the

Intercreditor Agreements and have rights to the collateral and must be joined in this action. (Dkt. 7, at 5).  For support, defendants cite *Harrell & Sumner Contracting v. Peabody Peterson Co.*, 546 F.2d 1227, 1228-29 (5th Cir. 1977).

Defendants move for this Court to dismiss Plaintiffs' complaint because the additional creditors are Florida entities whose joinder would destroy diversity jurisdiction.  Defendants argue dismissal is proper under Fed. R. Civ. P. 19(b) because of (1) the possibility that the joint obligees' collateral would be wrongfully levied upon by Plaintiffs; (2) the impossibility to fashion a judgment that would protect the joint obligees' rights under the Intercreditor Agreements; and (3) Plaintiffs' ability to re-file in state court.

In their response, Plaintiffs argue that Defendants have mislabeled the additional creditors as joint obligees.  Plaintiffs maintain that this Court can accord complete relief among the parties in the absence of the additional creditors, and assert that they are not claiming any right over collateral securing Defendants' obligations to the additional creditors.  Plaintiffs agree that they could file in state court.

## DISCUSSION

"The rule generally applied by federal courts is where two or more parties are joint obligees, they are indispensable parties in an action for enforcement of that obligation." *Harrell*, 546 F.2d 1227, 1228-29 (5th Cir. 1977).  In *Harrell*, the court held that a non-party, "whose presence would destroy diversity of citizenship between the parties, was an indispensable party to the lawsuit" because "any obligation which might be owed by defendants would be owed to plaintiff and [the non-party] jointly pursuant to the terms of

their contract." Id. at 1229. After "considering the four factors enumerated in [Rule 19(b)]," the Fifth Circuit affirmed the district court's finding that "the suit should not proceed with the parties before the court" based on "the availability of an adequate remedy in state court," and "the possibility of a second suit by [the non-party] with an inconsistent result." *Id.*

In the instant case, the obligations allegedly owed by Defendants would not "be owed to plaintiff[s] and [the non-parties] jointly pursuant to the terms of their contract," as was the case in *Harrell*, 546 F.2d at 1228-29. Instead, the Intercreditor Agreements lay out separate obligations owed by Defendants to Plaintiffs and each of the additional creditors separately. This forecloses the possibility of a second suit by the additional creditors with an inconsistent result. If Plaintiffs do take possession of collateral subject to the lien rights of other parties, these liens would still be in place.

The fact that the Intercreditor Agreements also lay out obligations owed by Plaintiffs to each of the additional creditors does not make Plaintiffs and the additional creditors joint obligees of Defendants' separate obligations to each creditor. "When a contract has been made with several persons under which a separate duty arises to each, in contemplation of law it is the same as if a separate and distinct contract had been entered into with each separately, and they must sue separately" *Abel v. Brayton Flying Serv.*, 248 F.2d 713, 716 (5th Cir. 1957) (quoting 39 Am. Jur. *Parties* § 31, at 894-95) (citing *Shipman v. Straitsville Cent. Mining*, 158 U.S. 356 (1895); *Hall v. Leigh*, 12 U.S. 50 (1814)).

It is therefore ORDERED AND ADJUDGED that:

1. Defendants', Capital Brands, LLC, Ernest W. Blockburger, and Peter R. Lazzari, Motion to Dismiss for Failure to Join Indispensable Parties (Dkt. 7) is DENIED.

2. Defendants shall file their answers to the complaint within fourteen (14) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 30, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-2901 mtd 7 10.wpd